IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

KIMBERLEE THOMPSON, an Individual, *et al.*,

        Plaintiffs,

    v.

ASANTE HEALTH SYSTEM, a Public Benefit Corporation and DOES 1 Through 50,

        Defendants.

_____

Case No. 1:23-cv-00486-CL

OPINION AND ORDER

MCSHANE, Judge:

Defendant Asante Health System ("Asante") asks this Court to certify for appeal the claims of 47 Plaintiffs under Federal Rule of Civil Procedure 54(b). Def.'s Mot. Partial Final J. 2, ECF No. 145. As this Court has rendered a final judgment regarding these claims, and because there is no just reason for delay, Defendant's Motion is **GRANTED**.

## BACKGROUND

Plaintiffs bring religious discrimination claims under Title VII of the Civil Rights Act and Oregon law against their former employer, Defendant Asante. Pls.' First Am. Compl. ¶¶ 121, 129, ECF No. 20. Plaintiffs allege that Defendant unlawfully terminated their employment, or placed them on indefinite unpaid leave, when Plaintiffs declined to be vaccinated against COVID-19 based on religious beliefs. *Id.* ¶¶ 109–112.

Plaintiffs also bring a disparate impact claim. *Id.* ¶ 104. Plaintiffs contend that Defendant treated employees seeking medical exceptions to its vaccine requirement more favorably than it

1 – Opinion & Order

treated those who sought religious exceptions, like Plaintiffs. *Id.*

Defendant Asante moved to dismiss the disparate impact claims of all 47 Plaintiffs and the failure-to-accommodate claims of 13 Plaintiffs.[1] Findings & R. 1 ("F&R"), Sep. 21, 2023, ECF No. 33. Judge Clarke issued a Findings and Recommendation to dismiss, without prejudice, all Plaintiffs' disparate impact claims because they failed to sufficiently allege one element of a disparate treatment claim. *Id.* 1, 13. But Judge Clarke concluded that the 13 failure-to-accommodate Plaintiffs sufficiently pled a prima facie case of employment discrimination. *Id.* 10. This Court adopted in full Judge Clarke's Findings and Recommendation. Order, Nov. 7, 2023, ECF No. 39.

Judge Clarke then ordered phased discovery on the failure-to-accommodate claims, with Phase One limited to the issues of undue hardship and reasonable accommodation. Order 3, May 20, 2024, ECF No. 53. After Phase One, Defendant sought summary judgment against all surviving claims. Def.'s Mot. Summ. J. 1, ECF No. 56.

Judge Clarke issued a Findings and Recommendation in which he concluded that all but one of the remaining Plaintiffs failed to raise a genuine issue of fact as to whether they could work fully remotely. F&R 16, 21–24, Jun. 25, 2025, ECF No. 134. Defendant Asante thus established undue hardship—and was entitled to judgment as a matter of law—as to the remaining Plaintiffs' claims except for Plaintiff Lyon's. *Id.* 16, 22–23. Judge Clarke also recommended dismissal of any claims against "Doe" Defendants. *Id.* 27.

This Court adopted in full Judge Clarke's Findings and Recommendation. Order 2, Aug. 14, 2025, ECF No. 140. This action—in Phase Two of discovery—now involves only the individual claims of Plaintiff Lyon, who raised a triable issue of fact as to whether she could

---

[1] Defendant moved to dismiss the failure-to-accommodate claims of Stephanie Baker, Emil Betoushana, Deanne Butterworth, Jessica Duncan, Sean Henderson, Nicole Janky, Daniel Jenniches, Christina Mak, Nicole McDowell, Therese Rieber, Ruth Robinson, Jennifer Rullamas, and Tina Zoller. Def.'s Mot. Dismiss 1, ECF No. 25.

2 – Opinion & Order

perform her job entirely remotely, and thus whether Asante established undue hardship. F&R 22–23, Jun. 25, 2025; Order 2, Aug. 14, 2025. The Court now decides Defendant's Motion for Partial Final Judgment.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that when an action involves more than one claim for relief or multiple parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties." Fed. R. Civ. P. 54(b). To do so, the court must "expressly determine[] that there is no just reason for delay." *Id.*

A district court must first determine whether "it has rendered a 'final judgment.'" *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). A final judgment is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.*

If it has rendered a final judgment, a court must then decide whether there is any just reason for delay. *Wood*, 422 F.3d at 878. Courts use their "'sound judicial discretion'" to decide when each final decision "'is ready for appeal.'" *Id.* (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8). "This discretion is to be exercised 'in the interest of sound judicial administration.'" *Id.*

## DISCUSSION

### I.     The Court has rendered a final judgment as to all claims at issue.

Under Rule 54(b), a decision is final when there is nothing left to do but "'execute the judgment.'" *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 737 (9th Cir. 2008) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)).

This Court's disposal of the claims of all Plaintiffs other than Plaintiff Lyon constitutes a final decision within the meaning of Rule 54(b). *See* F&R 13, Sep. 21, 2023; Order 1, Nov. 7, 2023; Order 1–2, Aug. 14, 2025. First, the Court dismissed Plaintiffs' disparate impact claims. Order 1, Nov. 7,

3 – Opinion & Order

2023; *see also* 28 U.S.C. § 1291; *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (stating when the district court dismisses claims against one of a number of parties, it can certify these claims under Rule 54(b) if there is no just reason for delay).

The Court then granted summary judgment against Plaintiffs' surviving failure-to-accommodate claims. Order 1–2, Aug. 14, 2025. As to these Plaintiffs, all that is left for this Court to do is execute a final judgment. *See., e.g., Johnson v. Meltzer*, 134 F.3d 1393, 1396 (9th Cir. 1998) (noting a grant of summary judgment is a final, appealable order). The "finality" requirement under Rule 54(b) is met.

II.     **<u>Because there is no just reason for delay, the Court directs the entry of final judgment as to all Plaintiff's claims—except for Plaintiff Lyon's—under Rule 54(b).</u>**

In evaluating if there is just reason for delay, courts are to consider (1) whether certification under Rule 54(b) would create unnecessary appellate review; (2) whether the adjudicated claims are separate, distinct, and independent from surviving claims; (3) whether review of dismissed claims would be mooted by future developments in the case; and (4) whether a court of appeals would decide the same issues more than once in subsequent appeals. *Wood*, 422 F.3d at 878 n.2 (discussing *Curtiss-Wright Corp.*, 446 U.S. at 5–6).

This Court finds that it is the "'appropriate time'" to certify for appeal the claims of all Plaintiffs except Plaintiff Lyon. *Curtiss-Wright Corp.*, 446 U.S. at 8 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956)). Plaintiff Lyon's claims are factually and legally severable from those of the remaining Plaintiffs. Her claim arises from the contention that she worked remotely since the onset of the pandemic with no problems. F&R 22–23, Jun. 25, 2025. Plaintiff Lyon is the only Plaintiff in this case who raised a triable issue of fact as to Asante's undue hardship defense.

Certifying the claims at issue under Rule 54(b) also streamlines ensuing litigation because an appellate court would not decide the same issues more than once in subsequent appeals. *See, e.g., Noel*, 568 F.3d at 747 (citation omitted) (explaining even if the certified claims are not "separate and

4 – Opinion & Order

independent" from the surviving claims, certification may still be proper if doing so streamlines ensuing litigation). For the disparate impact claims, the issue on appeal would be whether the district court erred in finding that all Plaintiffs did not sufficiently plead disparate treatment.

As to the Plaintiffs whose failure-to-accommodate claims were dismissed at summary judgment, they failed to raise a genuine issue of fact about whether they could perform all their job duties remotely—unlike Plaintiff Lyon. F&R 17, Jun. 25, 2025. If Defendant allowed unvaccinated employees to work in-person, it would have created undue hardship. *Id.* On appeal, the reviewing court would conduct a fact-specific inquiry about each remaining Plaintiff's job duties that would be unrelated to Plaintiff Lyon's individual circumstances. *See Groff v. DeJoy*, 600 U.S. 447, 468 (2023) (holding whether an accommodation constitutes undue hardship is a "fact specific inquiry" to evaluate if "a burden is substantial in the overall context of an employer's business.").

Finally, developments in the case would not moot an appellate court's review of the certified claims. A fact-finder's determination of whether Plaintiff Lyon could and did work fully remotely has no bearing on the remaining Plaintiffs factual or legal issues on appeal. *Cf. Wood*, 422 F.3d at 879–80 (finding the district court's certification under Rule 54(b) improper because the plaintiff's certified claim and her remaining claims arise from identical facts—they only differ based on the theory of recovery).

**<u>CONCLUSION</u>**

Because this Court has finally disposed of Plaintiffs' claims at issue and there is no just reason for delay, Defendant's Motion for Partial Final Judgment, ECF No. 146, is **GRANTED**.

IT IS SO ORDERED.

DATED this 20th day of March 2026.

s/Michael J. McShane<br>_____<br>Michael McShane<br>United States District Judge

5 – Opinion & Order